JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8303 PA (JCx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Trinidad Aragon, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

     The Court is in receipt of a Notice of Removal filed by defendants Trinidad Aragon and Vicente Aragon ("Defendants") on November 2, 2010. (Docket No. 1.) Plaintiff Federal National Mortgage Association's ("Plaintiff's") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action for unlawful detainer. Defendants, who are appearing pro se, seem to assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

     Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

     Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8303 PA (JCx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Trinidad Aragon, et al. | | |

  Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Further, Defendants do not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. The Notice of Removal instead appears to assert claims by Defendants against Plaintiff for purported violations of various federal laws, including the Federal Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Procedures Act (RESPA), Truth In Lending Act (TILA), and 42 U.S.C. § 1981. Because the Complaint does not allege claims under the FDCPA, RESPA, TILA, or any other federal law, the Notice of Removal's allegations are insufficient to establish the Court's federal question jurisdiction.

  For the foregoing reasons, Defendants have failed to meet heir burden of showing that federal question jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 09Q00697. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive and
Clerk of Court

Re:  Case Number: _____

Previously Superior Court Case No. _____

Case Name: _____

Dear Sir / Madam:

Pursuant to this Court's ORDER OF REMAND issued on _____, the above-referenced case is hereby remanded to your jurisdiction.

Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this Court.

Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it to our office.  Thank you for your cooperation.

Respectfully,

Clerk, U. S. District Court

By: _____
    Deputy Clerk

☐ Western    ☐ Eastern    ☐ Southern Division

*cc: Counsel of record*

=================================================================================

Receipt is acknowledged of the documents described herein.

Clerk, Superior Court

_____                By: _____
Date                                           Deputy Clerk

CV - 103 (09/08)           **LETTER OF TRANSMITTAL - REMAND TO SUPERIOR COURT (CIVIL)**